Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, California 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Attorneys for Chapter 7 Trustee
ANDREA A. WIRUM

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>ROBERT L. MERJANO and THERESA M. MERJANO,<br><br>Debtors. | Case No. 16-31097 HLB<br><br>Chapter 7<br><br>**STIPULATION RE DEBTORS' EXEMPTIONS** |

Robert L. Merjano and Theresa M. Merjano (together, "Debtors"), debtors in the captioned bankruptcy case, and Andrea A. Wirum ("Trustee"), chapter 7 trustee of the Debtors' bankruptcy estate ("Estate"), stipulate as follows, subject to Bankruptcy Court approval:

## RECITALS

A. On October 11, 2016, the Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code, commencing the captioned case.

B. On October 11, 2016, the Debtors filed their bankruptcy schedules as part of Docket No. 1 ("Initial Schedules"), scheduling a 2013 Mini Cooper vehicle ("Mini") with a value of $14,995.00 and a "rock and roll poster collection" ("Posters") with a value of $1,000.00.

C. No lien on the Mini or Posters was scheduled in Schedule D of the Initial Schedules.

D. In Schedule C of the Initial Schedules, the Debtors claimed a $1,000.00 exemption in the Posters, but did not claim an exemption in the Mini.

E. On January 23, 2017, the Debtors filed an amended Schedule A/B [Docket No. 31], in which they increased the scheduled value of the posters to $3,750.00.

F. On January 23, 2017, the Debtors filed an amended Schedule C [Docket No. 32], in which they increased the claimed exemption in the posters to $3,750.00, but did not claim an exemption in the Mini.

G. The Debtors previously represented to the Trustee that the there was a lien against the Mini, but the lien did not appear in the Debtors' Schedule D due to a software glitch.

H. When the Debtors provided evidence of the asserted lien on the Mini, it was confirmed that the asserted lien, to the extent it existed, was unperfected.

I. On March 14, 2017, the Debtors filed an amended Schedule A/B [Docket No. 33], Scheduling the Mini with a reduced value of $10,000.00 and the Posters with a value of $3,750.00.

J. On March 14, 2017, the Debtors also filed a second amended Schedule C [Docket No. 34], claiming a $10,000.00 exemption in the Mini and a $3,750.00 exemption in the Posters.

K. On March 16, 2017, the Debtors filed a third amended Schedule C [Docket No. 35], claiming a $3,750.00 exemption in the Posters, but eliminating the exemption in the Mini.

L. On May 22, 2017, the Debtors filed a fourth amended Schedule C [Docket No. 42], increasing the claimed exemption in the Posters to $7,525.00.

M. The Debtors have indicated to the Trustee that they do not wish to purchase the Estate's interest in the Mini.

N. The Trustee has obtained authority from the Bankruptcy Court to employ a sales agent, auctioneer and personal property evaluator to assist with, *inter alia*, liquidating the Mini and/or valuing and liquidating the Posters.

O. Before the Trustee goes to the expense of picking up the Mini and selling it subject to Bankruptcy Court approval, or appraising the Posters, she desires to have the Debtors stipulate that they will not further amend their schedules to claim an exemption in the Mini or increase the exemption in the Posters.

P. In recognition of the expense the Estate will suffer if the Debtors amend their Schedule C to re-claim an exemption in the Mini or increase the claimed exemption in the Posters, the Debtors have committed not to further amend their schedules to either re-claim an exemption in the Mini or increase the claimed $7,525.00 exemption in the Posters.

## STIPULATION

**NOW, THEREFORE,** based upon the above Recitals, which are incorporated in their entirety, the Debtors and Trustee stipulate as follows, subject to Bankruptcy Court approval:

1. The Debtors shall not further amend their bankruptcy schedules to declare an exemption in the Mini, and waive any right to do so under the Bankruptcy Code and any other applicable law.

2. The Debtors shall not further amend their schedules to claim an exemption in the Posters greater than $7,525.00, and waive any right to do so under the Bankruptcy Code and any other applicable law.

3. The Debtors shall not further amend their schedules to claim an exemption in any other property greater than what is set forth in the most recent amended Schedule C [Docket No. 42].

4. The Trustee reserves any and all rights to object to any of the Debtors' exemptions on any basis whatsoever.

**SO AGREED:**

Dated: May 22, 2017

**LAW OFFICES OF ADAM C. KENT**

By: _____
ADAM C. KENT
Attorneys for Debtors Robert L. Merjano and Theresa M. Merjano

Dated: May 24, 2017

**DUANE MORRIS LLP**

By: _____
GEOFFREY A. HEATON
Attorneys for ANDREA A. WIRUM,
Chapter 7 Trustee of the Bankruptcy Estate of Robert L. Merjano and Theresa M. Merjano